■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN DIXON, Appellant. [618 NYS2d 710] —Judgment, Supreme Court, New York County (Robert Haft, J.), rendered April 18, 1990, convicting the defendant, after jury trial, of murder in the second degree, and sentencing him to an indeterminate term of imprisonment of 25 years to life, unanimously reversed, on the law, and the case remanded for a new trial.

On August 3, 1985, at about 6:00 A.M., the defendant shot and killed Rupert Millington outside the Broadway International Disco on West 146th Street in Manhattan, apparently in retaliation for an incident several days earlier, when Millington had stepped on the defendant's foot at another nightclub, and did not apologize. In the course of the trial, Detective Anthony Krassis, who investigated the murder, testified that he had made notes in a diary respecting dates that he had interviewed witnesses, and had prepared a summary of those dates after reviewing the diary and "pieces of paper" upon which he had made other notes. The summary was turned over to defense counsel, but the diary was not, despite repeated defense requests for all *Rosario* material *(People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866; CPL 240.45).

CPL 240.45 (1) (a) requires the prosecutor to make available to the defendant "[a]ny written or recorded statement * * * made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the

witness's testimony." Since the notes in Krassis's diary obviously related to the subject matter of his testimony *(People v Banch,* 80 NY2d 610, 620), and we may not apply harmless error analysis when there has been a complete failure to turn over *Rosario* material *(People v Jones,* 70 NY2d 547, 553), the defendant's conviction must be reversed if the issue was preserved for appeal.

The trial court's ruling that "there has been substantial compliance if not literal compliance with any direction of the Court and any of the *Rosario* rules," was error, as conceded by the People, since "substantial compliance" is not an exception to the rule of per se reversal for *Rosario* violations. Inasmuch as our examination of the record does not support the People's contention that the issue was not preserved by timely and proper demand for the diary, the per se reversal rule must be applied, the judgment of conviction must be reversed, and new trial ordered. Concur—Carro, J. P., Rosenberger, Ellerin, Nardelli and Tom, JJ.